[S. F. No. 9039. In Bank.—September 26, 1919.]

JUDSON MANUFACTURING COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—"SERVICE" INCIDENTAL TO EMPLOYMENT.—Under the Workmen's Compensation Act, the right to compensation is not restricted to those cases where the injury occurs while the employee is actually presently manipulating the tools of his calling. An employee who has arrived at the premises of his employer and is thereon for the purpose of immediately commencing his actual work, is performing "service" incidental to his employment.

[2] ID.—DEATH OF EMPLOYEE ON WAY TO WORK—INJURY ARISING OUT OF EMPLOYMENT.—The death of an employee of a manufacturing company resulted from an injury arising out of his employment where he was struck and killed by an engine operated by a railroad company while he was pursuing his way to work along a path crossing the tracks, where such path, although not a public highway, was

not only the sole means of ingress and egress for the employees to their place of work, but was the means of access required and authorized by the manufacturing company, and intimately associated with the company's plant as a part of its necessary establishment.

PROCEEDING on Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

Redman & Alexander for Petitioners.

Christopher M. Bradley, A. E. Graupner, Warren H. Pillsbury and Michele Cimbalo for Respondents.

LENNON, J.—*Certiorari* to review the action of the Industrial Accident Commission in awarding compensation for the death of one Felice Gallia, who, on April 1, 1918, was struck and killed by an engine operated by the Southern Pacific Company while he was pursuing his way to work along a path crossing the latter's tracks.

Gallia was a laborer in the employ of the Judson Manufacturing Company, his duties consisting in attending an open-hearth furnace. The furnace and factory of the company are situated on the east shore of San Francisco Bay. The premises are bounded on the west by the bay shore and on the east by the right of way on which the Southern Pacific Company maintains numerous tracks for its through and local trains. A path crossing this right of way and leading from the end of a public street at its eastern extremity directly to the gate of the factory yard at its western extremity was the sole means of ingress and egress for the employees of the Judson Manufacturing Company to and from its factory and furnace. It was, moreover, the means of access required and authorized by the company. This path was not a public highway. The crossing was, in fact, dominant as to user in the employer, servient to its purposes, and intimately associated with its plant as a part of its necessary establishment. The company had, indeed, even claimed a lawful easement over the crossing for the purposes of the plant. At the time of his injury and death, which occurred about five minutes before the beginning of his shift, Gallia was proceeding from his residence to the factory and had reached a point on

the path in question about twenty feet east of the factory gate.

The Industrial Accident Commission found that Gallia's death resulted from an injury arising out of his employment and received while he was performing a service growing out of, incidental to, and in the course of that employment. Petitioner insists that the facts do not support the finding.

[1] The right to compensation is by no means restricted to those cases where the injury occurs while the employee is actually presently manipulating the tools of his calling. It would be unnecessary to the decision of this case to attempt to formulate a precise and comprehensive definition of the term "service" as used in the statute now under consideration. It seems to us, however, that when an employee has arrived at the premises of his employer and is thereon for the purpose of immediately commencing his actual work, he is performing service incidental to his employment. The facts stated above show that as between the employer and his employees the path across the Southern Pacific Company's right of way was in fact a part of the employer's plant, and that at the time of his death Gallia was there solely in the line of his duty as an employee. It would be a harsh and indefensible rule that would withhold compensation from an employee engaged in traversing a dangerous pathway in his employer's building on his way to his own particular place of work therein, on the ground that he had not yet entered upon the real work of his employment. We can perceive no difference in principle between such a case and the case at bar.

There have been a great number of cases in other jurisdictions in which the question here involved has been discussed— namely, as to the point at which a person who has been injured while away from his actual place of work leaves his employment. The line is a very fine one. (*Mole* v. *Wadworth*, 6 B. W. C. C. 129; *Richards* v. *Morris* [1915], 1 K. B. 221; *Gane* v. *Norton Hill Co.*, 2 B. W. C. C. 42; *Moore* v. *Manchester Liners*, 3 B. W. C. C. 527; *In re Sundine*, 218 Mass. 1, [L. R. A. 1916A, 318, 105 N. E. 433], in which compensation was awarded. *De Constantin* v. *Public Service Com.*, 75 W. Va. 32, [L. R. A. 1916A, 329, 83 S. E. 88]; *Nelson R. Constr. Co.* v. *Industrial Acc. Com. of Ill.*, 286 Ill. 632, [122 N. E. 113]; *Ocean Accident etc. Co.* v. *Industrial Acc. Com.*,

173 Cal. 313, [L. R. A. 1917B, 336, 159 Pac. 1041], in which compensation was denied).

In the case last cited we find a statement to the effect that *all* those accidental injuries which occur while the employee is going to or returning from his work are excluded from the benefits of the act. This sweeping *dictum* was not necessary to the decision of the case. The accident there considered occurred, it is true, while the deceased was attempting to reach his place of employment, but the mode of ingress which he undertook to use was not one provided and required by his employer; it was in no sense a part of the premises where his work was to be performed; and, finally, it was not in fact a mode of ingress to his work at all.

As remarked by Lord Loreburn in *Walters* v. *Staveley Co.*, 4 B. W. C. C. 305: "In applying this act one has to look to the words of the act itself. . . . Other cases are only useful as illustrations of the way in which these words are applied, and nothing, I think, is more fruitless than to attempt to argue by analogy from one set of facts to another set of facts." This very danger is illustrated by the citation of that case in support of the *dictum* in the Ocean Accident etc. Co. case. It appears from a careful reading of the opinions of their lordships that their decision in the Walters case was rested solely upon the ground that the contract of employment there involved did not contemplate the use of the pathway where the injury occurred as a necessary incident to gaining access to the place of employment. The facts, in other words, failed to show that as between the company and its employees the path was in fact a part of the company's plant. *Gilmour* v. *Dorman Co.*, 4 B, W. C. C. 279, also cited in the Ocean Accident etc. Co. case, is similarly distinguishable from the case at bar. On the other hand, it appears from *Moore* v. *Manchester Liners, supra,* and from other cases cited by the court in the Ocean Accident etc. Co. case, as well as from the additional cases which we have cited (*supra*), that an injury due to the necessary means of access to the employer's premises, required by the employer and contemplated in the employment, is compensable.

[2] We are of the opinion that the facts here disclosed warranted the finding that the accident by which Gallia met his death arose out of, and occurred in the course of, his em-

ployment.   It follows that the applicant is entitled to compensation.

The award is affirmed.

Wilbur, J., Angellotti, C. J., Lawlor, J., and Olney, J., concurred.

SHAW, J.—I dissent.

The constitution authorizes the legislature to create a liability for compensation to be made to an employee, by the community at large through the medium of the employer, for an injury to such employee incurred *in the course of his employment.* (Const., art. XX, sec. 21, as adopted in 1911; *Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 694, 707, [151 Pac. 398].) To this the legislature has added the condition that the injury must be one that was sustained by accident *arising out of* the *employment.* (Workmen's Compensation Law of 1913, (Stats. 1913, p. 283), sec. 12 [a]; Act of 1917 (Stats. 1917, p. 834), sec. 6 [a].) Gallia was employed to work in the factory of the plaintiff. The only entrance to the factory was a gate on the easterly side. From this gate a pathway extended easterly across the adjacent tracks of the Southern Pacific Railroad Company into the end of a public street. This path was commonly used for access to the factory by all persons desiring to enter, and there was no other way or means of access. In going from his home to the factory Gallia was crossing the tracks aforesaid upon this path and while so doing he was struck by a Southern Pacific engine and killed.

His contract of employment did not provide that he was to be considered in service while going to the factory from his home, nor did it require him to peform any service while crossing said tracks along said path. It did not specify the route he was to travel in going to and from the factory. At the time he was struck he was not engaged in any work or service for the plaintiff; he had not yet reached the place of employment or the factory, but was still on his way thereto. The engine belonged to the Southern Pacific Company and was in no way connected with the business of the plaintiff or the work Gallia was to do.

The accident had no more to do with his employment than would an accident which occurred any place on the public

street by which he reached the path. His act in going there may have been a thing done "in the course of his employment," according to a few rather strained constructions of that phrase in some of the decisions, but that meaning is against the weight of authority. (Bradbury's Workmen's Compensation Law, 3d ed., p. 468.) But I know of no case which holds that an injury from an accident so occurring is one "arising out of" the employment. It could be said to do so only upon the theory that the employment created the necessity of going to the place of employment and that this necessity was the cause or occasion of his being in the place of danger. But exactly the same thing could be said if he had been injured anywhere in the street along his usual and proper route from his home to the factory. And so it might be said that almost anything that occurs to the employee while absent from the place of work arises directly or in natural sequence out of his having been, or being required to be, at the place of employment. But the authorities are unanimous that the phrase does not have this comprehensive meaning. I can see no substantial distinction between this case and our decision in *Ocean Accident etc. Co.* v. *Industrial Acc. Com.*, 173 Cal. 313, [L. R. A. 1917B, 336, 159 Pac. 1041], and the many similar cases cited therein, and in Bradbury's Workmen's Compensation Law, above cited, to the effect that the employer is not liable for an injury to the employee during his journey to or from his place of work.

Melvin, J., concurred.

Rehearing denied.

Lawlor, J., Wilbur, J., Lennon, J., and Olney, J., concurred.

Shaw, J., Melvin, J., and Angellotti, C. J., dissented.