[S. F. No. 11799.   In Bank.—June 2, 1926.]

## J. N. MAKINS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act — Injury Going to or from Work—Right to Compensation.—The rule is well settled that an employee in going to work comes under the protection of the Workmen's Compensation Act when he enters the employer's premises or upon the means provided for access thereto, though the premises and such means of access are not wholly under the employer's

control or management; and the same rule applies when the employee is leaving such working premises, provided he does not unnecessarily loiter thereon.

[2] ID.—INJURY TO NEWSPAPER CARRIER—RIGHT TO COMPENSATION.— A youth employed as a deliverer or distributor of newspapers over a route and in a certain district of a city prescribed by his employer is entitled to compensation under the Workmen's Compensation Act for injuries received from collision with an automobile on his way back to the starting point after making his last delivery, the collision occurring within said territory, as such injury was received in the course of and arose out of his employment.

[3] ID.—DISTRICT OF EMPLOYMENT.—In such a case the contention cannot be sustained that the injury was inflicted without the working district of the employee and therefore not compensable, because the district was limited by the center of a certain street, where there was no other way for the employee to return to the initial point at which he entered without crossing to the other 'side of the street and where he would have violated the traffic laws if he had returned on the first side of the street.

(1) C. J., p. 84, n. 61.    (2) C. J., p. 84, n. 61.    (3) C. J., p. 84, n. 62.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission awarding compensation for injuries. Award affirmed.

The facts are stated in the opinion of the court.

W. S. Angwin for Petitioner.

Warren H. Pillsbury for Respondents.

SEAWELL, J.—The petition of respondent Industrial Accident Commission praying for a hearing by this court after decision by the district court of appeal, first district, division one, having been granted, the proceeding is properly before us for final determination. The respondent Commission made an award in favor of respondent George A. Craig, a youth fifteen years of age, who was injured by a traffic collision that occurred upon Grove Street, city of Oakland. The Commission found that said George A. Craig was employed by petitioner J. N. Makins as a deliverer or distributor of newspapers, and that the in-

jury sustained by said George A. Craig occurred in the course of and arose out of his employment. The circumstances of the injury and the contentions of the respective parties to the proceeding are well stated by Mr. Justice Cashin, author of the opinion adopted by said district court of appeal, and we hereby adopt it in part as follows:

"The compensation claimant was on December 6, 1924, in the employ of petitioner as a carrier of newspapers in the city of Oakland, his route of delivery being within a definite territory, which began at Fourteenth street and included the section between San Pablo and Telegraph avenues, extending north to the intersection of Grove street with San Pablo avenue, and thence covered the section between Grove street and Telegraph avenue to Thirty-sixth street in that city.

"Claimant in the course of his employment received each morning at the corner of Sixteenth street and San Pablo avenue a portion of the newspapers to be delivered, being supplied with additional papers at points along his route, and from Fourteenth street proceeded with such delivery in a northerly direction to the southeasterly corner of Grove and Thirty-sixth streets, at which point the last delivery by him in the course of such employment was made, no deliveries being made by him at any place west of the east side of Grove street. Claimant was paid a stated sum each month for the service rendered, furnished his own means of conveyance—which in this case was a bicycle owned by him, and his duties in every respect ceased each day upon the last delivery being made at the point above mentioned. On December 6, 1924, claimant, after the last delivery on his route and with the purpose of proceeding to his home, which was situated several blocks to the south and west, crossed to the west side of Grove street at or near its intersection with Thirty-sixth street, and proceeded thence in a southerly direction along said street, remaining, in accordance with the traffic regulations, on the west side thereof, to its intersection with Thirty-first street, at which point he received injuries from an automobile being driven westerly across such intersection.

"Respondent, as its conclusion from the above facts, found that the injuries occurred in the course and arose out of the employment and awarded compensation therefor.

"Petitioner in this proceeding bases his application for relief upon the contention that the facts shown, and which are not disputed, do not support such conclusion, and that therefore respondent acted in excess of its powers in making the award.

"Respondent contends that, the injuries having occurred on Grove street, though the westerly side thereof had not been traversed by claimant in the course of his employment in making deliveries, and at a point approximately five blocks south of the point where the last act in the rendition of services to petitioner was performed, claimant was still within his working territory, and that until he passed the corner of Sixteenth and Grove streets, where the first papers for delivery were received, he remained within the protection of the compensation act.

[1] "The rule is well settled that an employee, in going to work, comes under the protection of the act when he enters the employer's premises or upon the means provided for access thereto, though the premises and such means of access are not wholly under the employer's control or management (*Starr Piano Co.* v. *Industrial Acc. Com.,* 181 Cal. 433 [184 Pac. 860]; *Judson Mfg. Co.* v. *Industrial Acc. Com.,* 181 Cal. 300 [184 Pac. 1]); and the same rule applies when the employee is leaving such working premises provided he does not unnecessarily loiter thereon (*Wabash Ry. Co.* v. *Industrial Com.,* 294 Ill. 119 [128 N. E. 290]; *Lienau* v. *Northwestern Telephone Exchange Co.,* 151 Minn. 258 [186 N. W. 945]). . . . ''

[2] At the time the accident occurred respondent Craig was traveling in a southerly direction upon Grove Street, after serving those customers of his employer whose places of business or residences abutted upon the easterly half of said street. The easterly property line of said Grove Street marked the westerly boundary of his district in so far as the physical act of delivering newspapers was concerned. Upon making delivery to the last and furthermost subscriber on Grove Street, respondent crossed from the east to the west side of said street, and was traveling homeward over the same course he had gone in his outward journey, which course led southerly past said employer's residence and also past the initial and other points

where packages of newspapers were left by the employer
for distribution on the outgoing trip. The carrier had
traveled about five blocks on the return trip, whereupon an
automobile collided with his bicycle. As a result of the
impact, the youth suffered a fracture of the right femur
about four inches above the knee. The course taken upon
his return trip was the one habitually traveled by him and
it was the most practicable route for him to take. He was
receiving a flat salary of $15 per month and his employment
was confined to a fixed, definite area or district, the hours
of his employment being from 4:45 A. M. to about 7 o'clock
A. M. of each day. The papers designed for distribution
within the district were divided into three separate packages
or bundles and placed along the route by the employer at
fixed stations, and so apportioned as to weight and number
as to be convenient for distribution by said employee. As
successive stations were reached the bundles left for dis-
tribution by the employer were taken in charge by the
employee. The initial station of deposit was located within
the district and a short distance from the southerly boundary
line at a point on San Pablo Avenue between Sixteenth and
Seventeenth Streets. This point marked the beginning and
practically the end of the route required to be taken by
respondent Craig in the discharge of his duties. The route
and method of distribution were laid out by and were under
the control and direction of the employer. Undoubtedly
the employee was required to deliver newspapers in accord-
ance with the instructions given him by his employer. No
claim is made that respondent was guilty of loitering within
the area of his employment or that he was guilty of wilful
misconduct in any degree. The injury occurred after the
carrier had thrown his last paper but before he had arrived
at the initial point at which he received the first parcel
or lot of newspapers and while he was yet within the
exterior limits of the district to which he had been assigned.
While it is a fact that there was no established office or
headquarters at which the employee was required to report,
it is a reasonable inference arising out of the nature of the
employment and the circumstances disclosed by the record
that the instructions essential for the proper performance
of the service for which Craig was employed were left by

the employer and received by Craig at the stations where the parcels of papers were left for distribution, or at some point along the route of his travel.

It is the contention of petitioner that the facts of this case bring it within the rule generally known as the "going and coming rule." This rule has been considered and applied by this court in numerous cases where the person injured was employed to perform service at or in a particular plant or upon particular premises and the injury claimed to be compensable was inflicted while he was going to or returning from his place of employment, or where the employee had left the place of employment on an errand personal to himself. The general rule, subject to many exceptions, however, is that injuries inflicted under the foregoing circumstances are not compensable. (*California C. I. Exchange* v. *Industrial Acc. Com.*, 190 Cal. 433 [213 Pac. 257]; *London Guar. & Acc. Co.* v. *Industrial Acc. Com.*, 190 Cal. 587 [213 Pac. 977].) Awards have been affirmed by this court, however, where the facts of the case showed that the injured employee was not at the time he was injured upon his master's premises. (*Judson Mfg. Co.* v. *Industrial Acc. Com.*, 181 Cal. 300 [184 Pac. 1].) Each case must be adjudged by the facts which are peculiarly its own. Industrial accidents are produced by so many varying circumstances that it is rather unusual to find any two or more cases that may be ruled by the same legal precedent. While the facts of this case present a situation that has not heretofore come to the attention of this court, we are of the opinion that the principles of law applicable to the decision of an ordinary case of injuries received by an employee while upon the master's premises, and who is thus injured within the course of his employment, must rule the instant case. It is true that no physical wall or barrier circumscribed the area or district which was adopted by the master as the place of the respondent's employment and to which he had been assigned. Nevertheless, the limits of his working district were as definitely fixed by the employer as if it had been inclosed by a physical structure. The area thus definitely marked by reference to designated streets as fixing its boundary was adopted by the employer with full knowledge of all its attendant traffic hazards and assigned to the youth as his place of employment. The

streets were used not only as a means of conducting the business, but were also occupied as supply stations at three separate points along the route of distribution. This, it will be observed, is not a case where an outside worker, such as a solicitor or agent, selects his own territory or working district *ad libitum,* but it is a case where the employer has definitely fixed the boundaries of a district within which the employee is required to labor without any right upon his part to change them in any respect whatsoever. Under the facts of this case, the district thus established and controlled by the employer will be held to be the employee's place of employment. No unreasonable expansion of the Industrial Accident Act (Stats. 1913, p. 279) is required to bring the instant case within its compensatory provisions.

[3] It is a further contention of petitioner that the injury was inflicted without the working district of the respondent and, therefore, is not compensable. This contention is predicated upon the theory that respondent Craig's district was limited by the center line of Grove Street and not by the street considered with reference to its entire width. There was no other way by which respondent could have returned to the initial point at which he entered without crossing to the westerly half of Grove Street. Had he attempted to return on the easterly side of said street he would have violated the traffic laws of the state and would thereby have subjected himself to arrest and imprisonment.

It would be a harsh and narrow construction of the act, indeed, that would deprive a person of his civil rights who, while acting in obedience to the law's mandate, is injured under the circumstances disclosed by the record in the instant case. As to this issue we think there is no substantial merit in petitioner's contention.

The award is affirmed.

Curtis, J., Shenk, J., Waste, C. J., Lawlor, J., and Richards, J., concurred.