[Civ. No. 3960. Third Appellate District.—December 11, 1929.]

MARY CROMWELL, Respondent, v. LOS ANGELES RAILWAY CORPORATION, Appellant.

Gibson, Dunn & Crutcher and Philip C. Sterry for Appellant.

William A. Freeman for Respondent.

FINCH, P. J.—The following statement is taken from appellant's opening brief:

"This is an appeal from an order granting plaintiff's motion for a new trial. The action is for damages for alleged injuries sustained by plaintiff at the intersection of Third and Spring streets while she was waiting in the safety zone to board a southbound car. This car was in charge of conductor Boehm. He was to be relieved by conductor Groth at Ninth and Spring, though occasionally, as a matter of accommodation to Mr. Boehm, Groth would relieve him at Fifth and Spring. As the car approached Groth was standing in the street slightly to the left of the plaintiff, and as the rear steps of the car reached him, and before it stopped, he attempted to board the car, and in doing so struck the plaintiff, knocking her down and inflicting some injuries upon her. Plaintiff, in her complaint, charged that the negligence of the defendant consisted in the fact that the conductor upon the car, the servant and agent of the defendant, was standing on the steps of the car and negligently swung his body out and away from the car.

"While we do not agree with the views of the learned court as to the weight of the evidence on the issues of negligence and contributory negligence, we do not intend to challenge them on this appeal. We concede that if the act of Groth in boarding the car can be held to have been within the scope of his employment as a matter of law, or as a question of fact for the determination of the jury, that the order granting a new trial should be affirmed. We believe, however, that Groth's act in attempting to board the car

must be held as a matter of law not to have been within the scope of his employment.''

The foregoing statement, commendably frank and fair, relieves the court of the necessity of passing upon any question except the single one of whether the evidence shows, as a matter of law, that Groth was acting outside the scope of his employment at the time of the accident. The plaintiff testified:

''When this man (Groth) helped me in the car (after the accident) he took his place as the conductor—back of the fare box. I am not sure whether this was before or after the car left Third and Spring. I saw him take his place, but I could not tell whether just exactly on the minute whether he rang the bell and started the car or not; I don't know, but it was before we reached Fourth street. The conductor that had been on the car got off, either at Fourth street or just before we got there; when I got on the car before it started, he was getting around in front of the cash box. When the conductor who helped me on the car took his place back of the cash box, I did not see him exchange any transfers with the other conductor. I was so nearly fainting I could not notice things like that; I could not say positively that he collected any fares—I was not watching him.''

Another witness testified:

''The conductor got in with Mrs. Cromwell; he took my fare as I entered the car. . . . After the conductor who struck Mrs. Cromwell got on the car he just took fares. I saw another conductor on this car. He got off after I boarded the car; I don't know whether he got off at Third or Fourth street; I did not pay any attention to that. . . . When I paid my fare, I dropped it in the box; I didn't give it to the conductor. . . . I saw the conductor whom Mr. Groth relieved get off the car; he got off either at Third or Fourth street; I know he got off. I cannot state positively whether he was on the car when we reached Fifth and Spring; he got off at Third or Fourth street, according to my recollection. I saw no other conductor behind the fare box other than Mr. Groth—I don't remember seeing the other conductor at all. He was standing at the side when I paid my fare. . . . I saw Mr. Groth behind the cash

box when I paid my fare. I think the other conductor got off the car at Third and Spring streets."

Both of the conductors testified that Boehm was relieved by Groth at Fifth and Spring Streets and that the former "continued to collect fares and issue transfers on the car from Third street to Fifth street."

It cannot be held, as a matter of law, that the foregoing evidence is insufficient to warrant the inference that Groth boarded the car at Third Street for the purpose of there relieving Boehm and that the former immediately took charge of the car. The question to be determined on this appeal, for the purposes of the appeal, is whether Groth, in boarding the car for the purpose stated, was acting within the scope of his employment. Appellant cites cases arising under the Workmen's Compensation Act to the effect that while an employee is traveling to and from his place of employment he is not acting within the scope of his employment. But in this case Groth had reached the place of his employment, if the evidence produced by the plaintiff is true, and was entering the car by a means of access provided by his employer.

"It is not necessary, in order to entitle the employee to compensation, that at the time of accident he have reached the place of employment and have actually begun there to render service. It is sufficient if he has come to the employer's premises and is seeking entrance thereto by a means of access provided by the employer or reasonably used by the employee. . . . On the other hand, it is not doubted that if the employee is merely on his way to his employment and is injured, the injury is not one sustained in the course of his employment." (*Starr Piano Co.* v. *Industrial Acc. Com.*, 181 Cal. 433, 435 [184 Pac. 860] ; *Makins* v. *Industrial Acc. Com.*, 198 Cal. 698, 701 [49 A. L. R. 411, 247 Pac. 202].)

"The employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached. Probably, as a general rule, employment may be said to begin when the employee reaches the entrance to the employer's premises where the work is to be done." (*Bountiful Brick Co.* v. *Giles,* 276 U. S. 154 [72 L. Ed. 507, 48 Sup. Ct. Rep. 221].)

Under the cases cited, it is clear that if Groth was boarding the car for the purpose of taking immediate charge thereof he was acting within the scope of his employment.

The order granting a new trial is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 10, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1930.