[Civ. No. 9280. First Appellate District, Division One.—March 5, 1934.]

HANNAH McKINNEY, Petitioner, v. INDUSTRIAL AC-CIDENT COMMISSION and SOUTHERN PACIFIC COMPANY, Respondents.

Carroll S. Bucher, Henry G. Sanford, William T. Doyle and George C. Faulkner for Petitioner.

Everett A. Corten for Respondents.

THE COURT.—William C. McKinney, the husband of petitioner, was on March 26, 1932, in the employ of respondent Southern Pacific Company as an electrician, his duties being to inspect and repair the electrical equipment of

locomotives in respondent's round-house. On that date, while in the round-house on his way to work and before he had reached the place therein where he customarily performed his duties, he fell into a pit and sustained injuries which caused his death.

 Respondent commission found that the injury arose out of and occurred in the course of the employment, but denied an award on the ground that the work in which decedent was engaged or in which he was about to engage was work in interstate commerce, or so closely related thereto as to be a part thereof, and that consequently the commission had no jurisdiction of the claim. The petition was accordingly dismissed, and this proceeding was brought to annul the order of dismissal.

Employees of respondent company testified that decedent but for his injuries, would have done work on locomotives which had been assigned to interstate commerce as well as on others assigned to intrastate service; also that it was the practice of respondent company to place the numbers of locomotives which employees were expected to inspect and repair on a blackboard in the round-house. This, however, was subject to change by the company. There is no evidence that decedent saw this list, and it was testified that he did not know which locomotive so listed it would have been his duty to repair first, as this would depend upon whether it happened to have "steam up" or was "dead". Respondents admit that, although decedent at the time of his injury had not actually commenced work, he was nevertheless performing services incidental to his employment (*Judson Mfg. Co.* v. *Industrial Acc. Com.*, 181 Cal. 300, 302 [184 Pac. 1]; *Bountiful Brick Co.* v. *Giles*, 276 U. S. 154 [48 Sup. Ct. 221, 72 L. Ed. 507, 66 A. L. R. 1402].) They claim that his passage through the round-house, being a necessary incident to his day's work, partook of the character of that work as a whole; and it having been testified that some of the locomotives upon which he would have worked but for his injury were to be presently used in interstate commerce, he was necessarily employed in that service. In support of this they cite *Erie Ry. Co.* v. *Winfield*, 244 U. S. 170 [37 Sup. Ct. 556, 61 L. Ed. 1057, Ann. Cas. 1918B, 662], where an employee who had been engaged in both interstate and intrastate service was injured while

leaving his employer's premises after his day's work. It was held that in leaving the premises the employee was but discharging a duty of his employment; and his day's work having included both interstate and intrastate commerce, he was consequently engaged in the latter service. In the present case, however, while decedent was subject to be employed in both interstate and intrastate commerce, he had not been assigned to work in either. As held in the following cases the true test is the nature of the work being done at the time of the injury; and the fact that he would have received orders to perform a task in interstate commerce, and but for the injury would have done so, is not sufficient to bring the employee within the Federal Employers' Liability Act: *Illinois Cent. R. R. Co.* v. *Behrens,* 233 U. S. 473, 478 [34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163]; *Chicago, Burlington & Quincy R. R. Co.* v. *Harrington,* 241 U. S. 177 [36 Sup. Ct. 517, 60 L. Ed. 941]; *Erie Ry. Co.* v. *Welsh,* 242 U. S. 303 [37 Sup. Ct. 116, 61 L. Ed. 319]; *Onley* v. *Lehigh Valley R. R. Co.,* 36 Fed. (2d) 706; *Middleton* v. *Southern Pac. Co.,* 61 Fed. (2d) 929.

We are satisfied that decedent was not within the federal act and that respondent commission has jurisdiction of the claim. The order of dismissal is accordingly annulled.