[Civ. No. 9750.  First  Appellate District,  Division  Two.—April  9, 1935.]

LANGENDORF  UNITED  BAKERIES,  INC.,  Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and WM. KEMPER, Respondents.

W. N. Mullen for Petitioner.

Everett  A.  Corten  and  Arthur  I.  Townsend  for  Respondents.

NOURSE, P. J.—*Certiorari* to review an award of compensation to one Kemper, an employee of the petitioner. The petitioner founds its case on the ground that the injury did not arise "out of and in the course of the employment" within the meaning of section 6 of the Compensation Act. (Deering's Gen. Laws, Act No. 4749.)  This contention must be sustained.

The only dispute as to the terms of the employment arises from the failure to distinguish between the original employment and the terms under which Kemper was employed

at the time of his injury. The petitioner operated a number of trucks used in the delivery of bakery supplies and, for some time prior to the injury, had employed Kemper, who was an auto mechanic, to keep these trucks in repair. All these trucks were garaged in Santa Rosa where the repair work was done, and, at the time of the original employment, Kemper was told that he could charge the petitioner for the cost of gas and oil used by him in going in his own car from his home in Petaluma to Santa Rosa, and also when called out on the road when any of the trucks was in need of repair. Before the injury this contract was changed in particulars important to this inquiry. The petitioner leased a garage in Petaluma and garaged some of its trucks in that city and some in Santa Rosa. Kemper was then employed at a new wage to work three days a week in Santa Rosa and three in Petaluma and was relieved of all repairs to trucks on the road. These trucks did not begin to enter either garage until about 3:30 or 4:00 P. M. of each day and Kemper's employment began at that time. He was free to do as he pleased during the forepart of each day. He was not restricted in his means of transportation, but was free to go from one city to the other by train, bus, or in any other manner he chose. However, he was definitely told that no allowance would be made for gas or oil in the use of his own car. As a matter of convenience to him alone he was permitted to keep his car in petitioner's garage in Petaluma. On a day when he was employed to work in Santa Rosa alone he was working on his own car in Petaluma and was injured at about 12:30 P. M. His employment did not begin in Santa Rosa until about 3:30 of that day. The distance between the two cities is about twenty miles.

Upon these facts the case is controlled by the recent decision in *Postal Tel. Cable Co.* v. *Industrial Acc. Com.*, 1 Cal. (2d) 730 [37 Pac. (2d) 441]. It can be said here as was said in that case that, at the time of the injury, the employee "was on no special errand for petitioner and he had not yet reached his place of employment where his duties were to begin". The following language of that opinion is also applicable here: "The contract here did not require of (the employee) any particular means of travel to and from his place of service. Whether he used the motorcycle to transport himself from his home to his place

of employment and return, was of no concern to his employer under said contract.'' Numerous cases are cited in the opinion distinguishing between the rules relating to injuries when going and coming through means of transportation furnished by the employer and means voluntarily assumed and supplied by the employee. Every factor upon which the opinion in the Postal case is founded is present here, with the additional element that the motor vehicle on which Kemper was injured was not incidental to his employment as the motorcycle was in that case.

In support of the award the respondents advance three theories. First, that the injury occurred ''upon his employer's premises'' and is therefore compensable under the rule of *Judson Mfg. Co.* v. *Industrial Acc. Com.*, 181 Cal. 300, 302 [184 Pac. 1], and similar cases. The theory is based upon a false premise. The place where the injury occurred was leased by the employer, but it was not the place of employment at that time. The contract required the employee to work in Santa Rosa on every Monday, Wednesday and Friday, and to work in Petaluma on every Tuesday, Thursday and Saturday. On the days he was employed at Santa Rosa he had no duties to perform in Petaluma. The injury occurred on Monday. He had been permitted to keep his car in the garage at Petaluma as a matter of convenience to himself alone. He was therefore on the employer's premises at his own volition and for his own convenience, but his presence there was in no sense incidental to his employment.

Secondly, the respondents argue that while the employee was working on his own car he was merely making a slight ''deviation from the strict course of his duty''. *Kruse* v. *White Bros.*, 81 Cal. App. 86 [253 Pac. 178], and cases from the reports of the commission are cited. Here again we have a false premise—that Kemper was employed in Petaluma at the time. Mention is made of the fact that before the injury he had swept the garage floor. It is not claimed that this was part of his duty—all the evidence is to the contrary. Since this act was for the benefit of the employer Kemper might have been entitled to compensation if he had been injured in the performance of that act under the rule of the cases cited. But this was not the fact and the ''deviation'' rule cannot be extended to cover an injury incurred

in the performance of a voluntary act for the sole convenience of the employee and which is not incidental to the employment.

Thirdly, it is argued that Kemper's car was in fact the employer's car because, (1) the employer required him to use it in going and coming to and from work; (2) the employer offered to defray the expenses of gas and oil; (3) Kemper used the car to go to repair trucks wrecked upon the road. This theory is based upon three false premises. The undisputed and only evidence shows that the employee was given free choice of transportation to and from work; that long prior to the injury the offer to defray expenses of gas and oil was withdrawn when the new contract of employment was made; that at the same time he was relieved of all duties to make repairs on the road, another man was employed to make such repairs, and Kemper's salary was reduced from twenty-five to eighteen dollars a week for the services limited to the late afternoons in the two garages.

The award is annulled.

Sturtevant, J., and Spence, J., concurred.