[S. F. No. 16587. In Bank. Nov. 14, 1941.]

JOHN FREIRE, Appellant, v. MATSON NAVIGATION COMPANY (a Corporation), Respondent.

Carl W. Wynkoop and Philander B. Beadle for Appellant.

Hoge, Pelton & Gunther and A. Dal Thomson for Respondent.

TRAYNOR, J.—Plaintiff was employed as a janitor upon a steamship owned and operated by defendant company. He did not reside on the ship when it was moored, but reported regularly for duty at 8 a. m. at the steward's office on the vessel. On November 7, 1938, about 7:45 a. m., he arrived

in a taxicab at pier 32 in San Francisco, where the ship was moored. The taxicab came to a stop on the bulkhead in front of the pier and plaintiff opened the door to get out. As he stepped upon the running board, an automobile owned by defendant company and driven by one of its employees in the scope of his employment, backed into the side of the taxicab, crushing plaintiff's foot. Plaintiff brought an action for damages in the superior court, contending that the injury occurred while he was going to work and therefore, under the going and coming rule, did not arise out of or occur in the course of his employment. Defendant contends that the plaintiff sustained the injury within the zone of employment and that his sole remedy lies under the Workmen's Compensation Act, with exclusive jurisdiction in the Industrial Accident Commission. The trial court directed a verdict for defendant company and plaintiff appeals from the judgment entered thereon.

■ The Workmen's Compensation Act is to be liberally construed in favor of jurisdiction in the commission with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment. (Labor Code, sec. 3202; *Fenton* v. *Industrial Acc. Com.*, 44 Cal. App. (2d) 379, 382 [112 Pac. (2d) 763].) The rule is not altered because a plaintiff believes that he can establish negligence on the part of his employer and brings a civil suit for damages. If the injury falls within the scope of the act, a proceeding thereunder constitutes his exclusive remedy. (Labor Code, sec. 3601; see cases cited in 27 Cal. Jur. 262, and 12 Cal. Jur. Ten-Year Supp. 4, 5.) ■ If an employee is in doubt whether or not his injury is sustained in the course of his employment, he can protect himself against the running of the statute of limitations, and be certain that his claim will be heard in the proper tribunal, by filing both a civil action in the superior court and an application for compensation before the commission. (*Schumacker* v. *Industrial Acc. Com.*, 46 Cal. App. (2d) 95 [115 Pac. (2d) 571].)

■ The question whether plaintiff's injury arose out of and in the course of his employment turns upon the relation of the bulkhead upon which the accident occurred to plaintiff's place of employment. The bulkhead is a strip of pavement approximately 62 feet wide that lies between the public street known as the Embarcadero on the west and the piers

and buildings on the east. The State Board of Harbor Commissioners have assigned to defendant company the use of piers 30 and 32, inclusive of the building thereon and the premises up to the bulkhead upon which the pier entrances face, but not inclusive of the bulkhead. While the bulkhead is under the control and management of the Harbor Commission, it constitutes the only means of reaching the pier, where the ship was moored, from the Embarcadero. That part of the bulkhead adjoining the premises assigned to defendant company appears to be used to a considerable extent for the purposes of the company. Thus, it serves to facilitate the handling of cargoes during periods of congestion and is used by persons having business with the company as a thoroughfare for their trucks, drays, and other vehicles, and by stevedores, seamen, passengers and visitors as a parking place. Defendant employs a large number of special officers who, in the course of their duties, control traffic on the bulkhead and keep the entrances to the piers clear. The gate to the piers opens at eight o'clock, and those who arrive earlier must wait upon the bulkhead until that time. On the morning of the accident, the bulkhead was crowded with stevedores and other employees of defendant company who were waiting for the gate to open. The vehicles that were on the bulkhead at the time were there for the most part in connection with company business.

It is well settled that while an employee is ordinarily not entitled to workmen's compensation for an injury sustained in going to or departing from work, he is entitled to compensation, if the employment creates a special risk, for injuries sustained within the field of that risk. Such a risk may attend the employee as soon as he enters the employer's premises or the necessary means of access thereto, even when the latter is not under the employer's control or management. (*Starr Piano Co.* v. *Industrial Acc. Com.*, 181 Cal. 433 [184 Pac. 860]; *Judson Mfg. Co.* v. *Industrial Acc. Com.*, 181 Cal. 300 [184 Pac. 1]; *Globe Indemnity Co.* v. *Industrial Acc. Com.*, 208 Cal. 715, 719 [284 Pac. 661]. See *Makins* v. *Industrial Acc. Com.*, 198 Cal. 698, 701 [247 Pac. 202, 49 A. L. R. 411]; *Jimeson* v. *Industrial Acc. Com.*, 23 Cal. App. (2d) 634, 638, 639 [73 Pac. (2d) 1238]; *Cromwell* v. *Los Angeles Ry. Corp.*, 102 Cal. App. 499, 502 [283 Pac. 375]; 23 Cal. L. Rev. 366, 367.)

 It is evident from the facts in the instant case that the bulkhead is "the means of access" to the pier "required and authorized by the company," that it is "in fact, dominant as to user in the employer, servient to its purpose, and intimately associated with its plant as a part of its necessary establishment." (*Judson Mfg. Co.* v. *Industrial Acc. Com.*, *supra*, p. 301.) In *Judson Mfg. Co.* v. *Industrial Acc. Com.*, *supra*, the employee was killed while walking on a path leading from the end of a public street to the gate of his employer's factory. The path was on the railroad right of way and was neither owned nor controlled by the employer, but the court awarded compensation upon the grounds that it was the necessary means of access to the employer's premises, required by the employer and contemplated in the employment, and that as between the employer and his employees it was in practice a part of the employer's plant. The only difference of note between the path in the Judson case and the bulkhead in the instant case is that the first was owned by a private third party while the latter is public property.

Plaintiff contends that since the bulkhead is public property, he encountered no more hazard there than would any member of the public, that he was exposed to no special hazard incidental to his employment. The facts that an accident happens upon a public road and that the danger is one to which the general public is likewise exposed, however, do not preclude the existence of a causal relationship between the accident and the employment if the danger is one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree. (*State Compensation Ins. Fund* v. *Industrial Acc. Com.*, 194 Cal. 28, 31 [227 Pac. 168]; *Cudahy Packing Co.* v. *Parramore*, 263 U. S. 418 [44 Sup. Ct. 153, 68 L. Ed. 366].) In *State Compensation Ins. Fund* v. *Industrial Acc. Com.*, *supra*, the employee was awarded compensation for an injury sustained on a public sidewalk outside the entrance to her employer's premises. The entrance was one that she was required to use and the injury directly resulted from the slippery condition of this entrance and the adjoining runway over the sidewalk, caused by the acts of other employees. In *Cudahy Packing Co.* v. *Parramore*, *supra*, the Supreme Court of the United States held that a causal relationship could be found between the employment and the

death of an employee killed while crossing a railroad track on a public road that constituted the customary and only practical way of reaching the employer's plant. (See, also, cases cited in note, 85 A. L. R. 97. Cf. *Jimeson* v. *Industrial Acc. Com., supra,* p. 638.)

In the instant case the plaintiff by reason of his employment was subjected to the risks arising on the bulkhead peculiarly and to an abnormal degree. At the time of his injury plaintiff was upon the bulkhead solely in the line of his duty as an employee. (See *Judson Mfg. Co.* v. *Industrial Acc. Com., supra,* p. 302.) He was obliged to be there on the morning of the accident before eight o'clock in readiness to go on the pier and thence to his ship at that time. The injury to plaintiff occurred upon the only practical means of access to the employer's premises. The hazard to which he was subjected when he arrived upon the bulkhead was created by his employer, its agents and those with whom it did business. (See *State Compensation Ins. Fund* v. *Industrial Acc. Com., supra.*) Under these circumstances, the hazard was one directly connected with the employment and, under the authority of the cases cited, the injury was one arising out of and in the course of plaintiff's employment.

The fact that the accident happened some minutes before plaintiff was to begin work is immaterial. (*Judson Mfg. Co.* v. *Industrial Acc. Com., supra.* See *Cromwell* v. *Los Angeles Ry. Corp., supra.*) "The employment contemplated his entry upon and departure from the premises as much as it contemplated his working there, and must include a reasonable interval of time for that purpose." (*Cudahy Packing Co.* v. *Parramore, supra,* p. 426.)

The plaintiff's remedy, therefore, is under the Workmen's Compensation Act and the judgment from which plaintiff appeals is affirmed.

Gibson, C. J., Shenk, J., and Edmonds, J., concurred.

Appellant's petition for a rehearing was denied December 11, 1941. Curtis, J., and Carter, J., voted for a rehearing.