[Civ. No. 5390.   First Appellate District, Division One.—January 7, 1926.]

SUN INDEMNITY CO. (a Corporation), Petitioner, v. IN-DUSTRIAL ACCIDENT COMMISSION and W. R. DOOLITTLE, Respondents.

[1] WORKMEN'S COMPENSATION ACT—AUTOMOBILE ACCIDENT—INJURY TO EMPLOYEE—SCOPE OF EMPLOYMENT—FINDING—EVIDENCE—CERTIORARI.—In this proceeding to review an award of the Industrial Accident Commission in favor of an employee who was injured in an automobile accident, the evidence justified the finding of the commission that at the time the injuries were received said employee was acting within the scope of his employment.

[2] ID.—WILFUL MISCONDUCT—EVIDENCE.—In such proceeding, there is no evidence in the record to support the claim that such employee was guilty of wilful misconduct in the operation of his car, even conceding that this fact, if true, would relieve the insurance carrier from liability.

[3] ID.—EXTENT OF DISABILITY—FINDING—EVIDENCE.—In such proceeding, the claim that the evidence does not sustain the finding as to the extent of the disability is without merit.

(1) Workmen's Compensation Acts, C. J., p. 115, n. 37.   (2) Workmen's Compensation Acts, C. J., p. 87, n. 91.   (3) Workmen's Compensation Acts, C. J., p. 115, n. 37.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission for compensation to injured employee.   Award affirmed.

The facts are stated in the opinion of the court.

Haswell & Martin for Petitioner.

Warren H. Pillsbury for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission in allowing compensation for injuries to one W. R. Doolittle, who, on the evening of February 18, 1925, was injured in an automobile accident.

1. See 27 Cal. Jur. 578.

Doolittle was employed by P. S. and S. J. Round, proprietors of a general store at Costa Mesa, California, of whom petitioner is the insurance carrier, to manage their meat department. His hours of labor were from 7 A. M. to 6 or 6:15 in the evening. Part of his duties consisted in the buying of meats and in this connection he was vested with certain discretion. Ordinarily the meats were purchased from the Cudahy Company, but at times a small supply was procured from a market conducted by a Mr. Klamm at Santa Ana, a city close by. On the evening of February 18, 1925, Doolittle reported to his employer that the store was running short of pork and lamb. He was directed to take the firm's delivery truck home with him that night instead of going in his usual way, which was by stage, and purchase the necessary meat from Klamm and bring it back next morning when he reported for duty. Doolittle had bought meat under similar circumstances on three former occasions.

Pursuant to these instructions Doolittle left the shop for Santa Ana with the truck at about 5:45 o'clock in the evening, his declared intention being to notify Klamm before going to his own home, which was also situated in that city, to open his shop the next morning before the usual hour so that he could get back to Costa Mesa early the next morning with the meat. While proceeding along the highway in the most direct route to his destination Doolittle attempted to pass a car driven by three boys. He blew his horn, but the boys refused to give him a right of way. He made an attempt to pass, but the car crowded him and he was forced to drop back. On reaching a straight stretch of the road Doolittle, driving at about twenty-five miles an hour, again attempted to pass the car driven by the boys, but was crowded into a ditch. He was thrown through the windshield and suffered multiple lacerations of both hands, which injuries were of a serious nature. Under these circumstances the Commission found that Doolittle sustained his injuries in the course of his employment; that such injuries caused temporary total disability entitling him to compensation for a period of fourteen weeks in the weekly sum of $15.44, a total of $216.16.

[1] It is petitioner's claim that the injuries did not occur in the course of the employment; that Doolittle was

guilty of wilful misconduct and that the evidence does not sustain the findings as to the extent of disability. The first contention is based upon the claim that the facts bring the case within the so-called "going and coming" doctrine. The evidence does not support this contention. That Doolittle intended to go home there can be no question, but it is equally clear that his primary purpose was a business errand. He had been instructed to make the journey not in his usual manner by stage, but with his employer's truck, and he had left his place of business before his regular quitting time in order to see Klamm, the proprietor of the meat shop, so that he could procure the meat he wanted at an early hour. His return to his home was an incidental factor in his mission. He was at the time of the accident, which occurred about 6 o'clock in the evening, traveling on his employer's time for a definite purpose connected with his employment and to further his employer's interest. He was, therefore, acting within the scope of his employment. [2] Nor is there any evidence in the record to support the claim that Doolittle was guilty of wilful misconduct in the operation of his car, even conceding that this fact, if true, would relieve petitioner from liability.

[3] Equally without merit is the claim that the evidence does not sustain the finding as to the extent of the disability.

The medical testimony shows the injuries to have been of a serious nature that might cause temporary disability for at least six months, with a probability of such temporary disability becoming permanent.

The award is affirmed.

Knight, J., and Cashin, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 3, 1926.