[Civ. No. 6101. First Appellate District, Division One.—February 10, 1928.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ANNIE CASEY, Respondents.

F. J. Creede, H. G. Sanford, B. E. Pemberton and Daniel W. Burbank for Petitioner.

G. C. Faulkner for Respondents.

KNIGHT, J.—William D. Casey, an employee of the L. D. MacLean Company in San Francisco for more than twenty years, died on May 31, 1927, as a result of injuries sustained by him six days prior to his death. His surviving widow, Annie Casey, thereafter applied to the Industrial Accident Commission for compensation and was granted an award which the petitioner herein, as the insurance carrier for said company, seeks by this proceeding in *certiorari* to have annulled. The sole question presented for determination is whether, contrary to the finding of said Commission, the nature of the service the decedent was performing at the time he was injured was such as to bring the case within the operation of the so-called "going and coming" doctrine, which in effect declares that injuries sustained by an employee while going to or returning from his work are not compensable under the provisions of the Workmen's Compensation Act (27 Cal. Jur. 380).

As stated, the decedent had been working for said company for many years, and for some time immediately preceding his death filled the position of outside salesman, his duties being to call on customers, take orders, and sell goods; and he was required to report each morning for duty at the company's store on Sutter Street. On May 25, 1927, before leaving the store at the end of his day's work he was instructed by one of the company's executives to return to the store that night, after he had finished his dinner at

home, for the purpose of unlocking the door and admitting an electrician who would be there to repair a broken switch; to remain on the premises until the work was finished, and then to see that the store was locked. In accordance with his usual custom the decedent left the store on the day mentioned about 5 o'clock, went to his home on Eighth Avenue, San Francisco, ate his dinner, and, pursuant to the instructions of his employer, returned to the store, unlocked the door, allowed the electrician to enter and remained there from 7 o'clock until 10, at which time the electrician finished his work and departed. The decedent then locked the store and boarded a street-car to go home. On the way home, and while transferring from one car to another, he slipped and fell on the street or curb, cutting his eye and chin. Believing that his injuries were not serious, he went to work the next day, but on the day following grew worse and consulted a doctor. The injuries rapidly developed into a case of erysipelas and on May 31, 1927, he died.

It is well settled, as petitioner contends, that ordinarily employees who suffer injuries while going to or returning from their place of work are excluded from the benefits of said act, for it is held that they are not at that time rendering a service growing out of or incidental to their employment (27 Cal. Jur. 380). But the foregoing rule is not absolute. It is subject to many exceptions. As said in *Makins* v. *Industrial Acc. Com.*, 198 Cal. 698 [49 A. L. R. 411, 247 Pac. 202], the rule generally known as the going and coming rule, "has been considered and applied by this court in numerous cases where the person injured was employed to perform service at or in a particular plant or upon particular premises and the injury claimed to be compensable was inflicted while he was going to or returning from his place of employment, or where the employee had left the place of employment on an errand personal to himself. The general rule, *subject to many exceptions, however,* is that injuries inflicted under the foregoing circumstances are not compensable. (*California C. I. Exchange* v. *Industrial Acc. Com.*, 190 Cal. 433 [213 Pac. 257]; *London Guar. & Acc. Co.* v. *Industrial Acc. Com.*, 190 Cal. 587 [213 Pac. 977].) Awards have been affirmed by this court, however, where the facts of the case showed that the injured employee was not at the time he was injured upon

his master's premises (*Judson Mfg. Co. v. Industrial Acc. Com.*, 181 Cal. 300 [184 Pac. 1]). Each case must be adjudged by the facts which are peculiarly its own. Industrial accidents are produced by so many varying circumstances that it is rather unusual to find any two or more cases that may be ruled by the same legal precedent." (Italics ours.)

As the Commission held, the evidence here proves that this was not the ordinary case of an employee being injured while following his usual custom of going to or coming from the place where he works. On the contrary, it shows beyond doubt that decedent was injured while returning from a special errand which he was performing under the direction of his employer and which required him to leave his home at night, after regular working hours, and called for a service outside of his regular duties as salesman, the sole purpose of which was to help his employer in the latter's business; and it was because of the relationship of employer and employee that the one requested the service and the other rendered it. Manifestly, under such circumstances, it would be a harsh and indefensible rule which would withhold compensation for an injury received by an employee in the performance of such an errand. As pointed out in *Ocean Accident & Guarantee Co. v. Industrial Acc. Com.*, 173 Cal. 313 [L. R. A. 1917B, 336, 159 Pac. 1041], in discussing the question of the application of the going and coming doctrine, "the right to an award (under the Workmen's Compensation Act) is not founded upon the fact that the *injury* grows out of and is incidental to his employment. It is founded upon the fact that the *service* he is rendering at the time of the injury grows out of and is incidental to the employment. Therefore, an employee going to and from his place of employment is not rendering any service, and begins to render such service only when, as has been said, arriving at the place of his employment, he proceeds to use some instrumentality provided, by means of which he immediately places himself in a position to perform his tasks." (Italics ours.)

Obviously, the service decedent was performing on the night he was injured did not have its inception at the store upon his arrival there, nor did it end there immediately upon leaving. It began the instant he left his home on the

errand to go to the store for the purpose of allowing the electrical work to be done; and if, as has been held, the "going and coming" rule does not apply to an employee who has sustained an injury in performing a business errand for his employer while *going* home (*Sun Indemnity Co.* v. *Industrial Acc. Com.*, 76 Cal. App. 165 [243 Pac. 892]), it would not be reasonable to hold that the rule should apply where the employee is injured while *returning* to his home from the performance of a business errand. As indicated, it was in effect held in *Sun Indemnity Co.* v. *Industrial Acc. Com., supra,* that the "going and coming" rule should not be held to apply where the employee was injured while primarily engaged in a business errand for his employer, notwithstanding that he was at the time returning home after having finished his day's work; and substantially the same principle was involved in *Western Pacific R. R. Co.* v. *Industrial Acc. Com.*, 193 Cal. 413 [224 Pac. 754], except in the latter case the accident to the employee happened after leaving his home. We are of the opinion that the doctrine stated in the foregoing cases is applicable to the facts here.

In support of its contention for the application of the "going and coming" rule petitioner has cited a number of decisions of the Industrial Accident Commission, which, however, were not reviewed by the courts; also a few cases from foreign jurisdictions. But the facts of the cases cited are materially different from those of the present one, because in those cases it was shown that the employees when injured were not engaged in the performance of any special errand under instructions from their employers, but were injured while on their way to or coming from their places of employment, where they intended to work or had worked overtime, after regular hours, in the performance of their regular duties. On account of these varying circumstances we do not deem those cases in point (*Makins* v. *Industrial Acc. Com., supra*).

For the reasons above stated we are of the opinion that the Commission was fully warranted in finding that the present case is not subject to the operation of the "going and coming" rule. The award is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

An application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1928.

All the Justices concurred.