[Civ. No. 6572.   Third Dist.—April 22, 1941.]

KATHRYN FENTON, Petitioner, v. INDUSTRIAL ACCI-DENT COMMISSION, Respondent.

Horace E. Dunning for Petitioner.

Everett A. Corten for Respondent.

THOMPSON, J.—Kathryn Fenton, the widow of Lowell Del Fenton, deceased, seeks by means of a writ of *certiorari* to reverse an order of the Industrial Accident Commission refusing to allow compensation for the death of her husband which resulted from a railroad crossing casualty while he was engaged in investigating applications for relief in behalf of the California State Relief Administration.

The deceased resided with his wife at Woodland. He was engaged as an office employee with the California State Relief Administration at Sacramento. For the purpose of administering relief work the State of California is divided into sections. District Number 4 includes Yolo, Sacramento, Placer, El Dorado, Nevada, Sierra and Amador Counties. Mr. Thomas J. Dillon was the ''Area Director'' of that district, with his principal place of business in the city of Sacramento. The duties of Mr. Fenton sometimes required him to investigate, as a ''case worker'', certain claims of petitioners for relief, outside of the office. This special duty made it necessary for him to visit the homes of applicants to secure the desired information which he subsequently reported to the office. On those occasions he drove his own machine, during which time the employer allowed him mileage for the distance he actually traveled. On account of the congestion of work, the supervisor assigned to him on Saturday, April 13, 1940, several cases for investigation in Hooverville, Gardenland and the vicinity of Sacramento, instructing him to make the calls and obtain the desired information before he returned to the office the following Monday. To assist him in making those investigations, he was handed several files containing documents and data relating to the applications for relief. This method of performing the field work was resorted to for the benefit of the service, to expedite the work and to save time and expense.

When Mr. Fenton left the office on Saturday night he took with him the required information and agreed to perform the service on Monday morning before returning to the office. Before leaving home at an unusually early hour on Monday, the 15th, he exhibited the folders to his wife, and made cer-

tain notations thereon, presumably with respect to the route he was to travel, telling her that he was then going to make a number of calls before he went to the office. He left the house at 7 o'clock in the morning and drove toward the home of the first applicant on his list, which happened to be upon the regular highway to Sacramento. Near Woodland his machine was struck by a train at a railroad crossing and he was killed.

A claim for compensation was filed by the widow with the Industrial Accident Commission. After hearing, the petition was denied on the ground that Mr. Fenton was not killed in the course of his employment for the reason that he was then merely going to the location of his work.

We are required to determine in this proceeding whether the claimant is barred from recovering compensation for the death of her husband on account of the "going and coming" rule, or whether the facts bring the case within the exception to that rule because he was engaged in a special mission for his employer when the accident occurred.

We are of the opinion Mr. Fenton was killed while he was performing a special mission for the master, in the course of his employment, and that his widow is entitled to recover compensation on that account. Clearly the circumstances of this case present an exception to the general going and coming rule. The office in Sacramento was the place where the deceased usually reported for work. On this particular occasion he was assigned a special mission to investigate and report on several applications for relief, at the homes of the claimants in the vicinity of Sacramento. The superintendent directed him to perform the work over the week-end, before he returned to the office the following Monday. That meant he was to work from his home in Woodland. He was furnished documents and data from the files in the office, to aid his investigation. He took them with him to his home. He exhibited them to his wife and made notes upon them, informing her that he was then going to make several calls before he went to the office. He was paid extra compensation for mileage while he was performing that service. He began this employment the minute he left home. Unquestionably the employer had authority to direct the manner of proceeding to perform that field work. Under such circumstances the special assignment of work falls within the

recognized exception to the going and coming rule and the employee is entitled to compensation for injuries received in the course of his employment.

It is true that Mr. Fenton was killed en route to the first home which was on his list and before he actually reached his destination. It is immaterial that Davis, toward which city he was traveling when he was killed, is situated on the direct route he was accustomed to travel in going to his regular place of business, for he was engaged in his employment the minute he left home, regardless of the route he traveled in reaching the several homes he was directed to visit. It is not true that he was *merely* going toward his place of business. For the purpose of this special assignment of work, his usual place of business in Sacramento was definitely eliminated when the superintendent told him to perform the work before he returned to the office. It is true that "case workers" were sometimes sent on similar assignments of field work after they had arrived at the office. That was not done in the present case. There is no conflict of evidence regarding the fact that Mr. Fenton was told to perform this work before he returned to the office. This case merely involves the application of the going and coming rule of law to the undisputed facts. Section 69 of the Workmen's Compensation Act requires a liberal construction of the law "with the purpose of extending the benefits of the act *for the protection of persons* injured in the course of their employment."

In construing the application of the going and coming rule, the courts of this state have significantly said in at least two well-considered cases that compensation may not be allowed when the workman is *"merely* on his way to his employment" when he is injured. (*Starr Piano Co.* v. *Industrial Acc. Com.*, 181 Cal. 433 [184 Pac. 860] ; *Cromwell* v. *Los Angeles Ry. Corp.*, 102 Cal. App. 499 [283 Pac. 375].) In both of these cases awards for compensation were upheld.

It is true that when a workman is employed to perform labor in a particular building, place of business or specified district, he may not ordinarily recover compensation for injuries sustained while he is merely coming from his work. (*Makins* v. *Industrial Acc. Com.*, 198 Cal. 698 [247 Pac. 202, 49 A. L. R. 411] ; 1 Campbell on Workmen's Comp., p. 146, sec. 163 ; 27 Cal. Jur. 380, sec. 84.) However, there is a well-

established exception to that general rule. When the workman is engaged in performing a special mission entrusted to him by the employer in the course of his duties, the going and coming rule has no application. In the Makins case, *supra,* the claimant was hired to deliver newspapers in a specified district in the city of Oakland. He furnished his own conveyance and was paid a stipulated amount each month for his services. After completing all deliveries of newspapers on his route, he was injured after he started to go home. An award of compensation was affirmed by the Supreme Court on the specific declaration that the going and coming rule was not applicable. With relation to the circumstances under which he was injured, the court says:

"After the last delivery on his route and *with the purpose of proceeding to his home,* which was situated several blocks to the south and west, . . . he received injuries from an automobile being driven westerly across such intersection."

In that case the claimant's place of business was deemed to be the particular district in which he distributed newspapers. He was riding a bicycle toward his home along a street adjacent to the district when he was injured. The court properly said: "Each case must be adjudged by the facts which are peculiarly its own."

Numerous cases in this and other jurisdictions hold that, as an exception to the general going and coming rule, an employee should be regarded as having been injured in the course of his employment, entitling him to compensation, when the accident occurs while he is going to or coming from his work, either on his own time or on that of his employer, if he is then engaged in some substantial mission, growing out of his employment, which has been assigned to him by the employer. (*State Compensation Ins. Fund* v. *Industrial Acc. Com.,* 89 Cal. App. 197 [264 Pac. 514] ; *Ocean Accident & Guar. Corp.* v. *Industrial Acc. Com.,* 132 Cal. App. 207 [22 Pac. (2d) 538] ; *Robinson* v. *George,* 16 Cal. (2d) 238 [105 Pac. (2d) 914] ; 27 Cal. Jur. 381, sec. 84; 10 W. & Phr., Perm. Ed. 174; 1 Campbell's Workmen's Comp., p. 171, sec. 182.) In 27 California Jurisprudence, at page 383, it is said that when a workman is engaged in traveling from place to place without the necessity of reporting at a particular place of business, he may be deemed to enter upon his employment when he leaves his home to

procced to the first place to which his duty calls him, "where an employee is not required to report for work at any particular place but travels in the course of his duties, since in such case he immediately enters upon his employment when he leaves his home to procced to the first place to which duty calls him." The foregoing text is supported by several cases cited in the Industrial Accident Reports.

In 1 Campbell's Workmen's Compensation, page 171, section 182, it is said:

"When the employee is sent on a special errand either as part of his regular duties or at the express order of his employer, the former is under the Act and injuries sustained in course thereof are compensable from the time of his beginning the assignment to its completion; that is, both going and coming or until he deviates for personal reasons."

Similarly, section 185 of the last-cited text reads in part:

"Where the home of the employee serves as his office or headquarters, none other having been furnished by the employer, business errands start and end at home, and the going and coming rule has no application."

In 10 Words and Phrases, Permanent Edition, page 174, under the caption "Course of Employment", several cases in support of the foregoing text arc cited. In *Harvey* v. *Bakers' & Consumers' Compressed Yeast Co.*, 244 App. Div. 838 [279 N. Y. Supp. 511], it was held that the death of a salesman who took merchandise from the office of his employer to his home at night, and who was to deliver the merchandise before reporting at the office, but who was killed the following morning while he was en route to the office, was compensable as occurring in the course of his employment.

In the case of *Bennett* v. *Marine Works*, 273 N. Y. 429 [7 N. E. (2d) 847], it was held that an inside employee or office clerk, who was instructed by his employer to perform an errand "before reporting at the office", and who was injured while he was engaged in performing that errand, was entitled to compensation on the theory that the accident occurred in the course of his employment. It is there held the going and coming rule had no application under such circumstances. It is also held in that case that in the performance of a special mission or errand on the way home from the fixed place of business, the employee would not "enter the course of his employment" *until he deviated* from his

usual route to perform the assigned duty. This last-mentioned principle has no application to the present case, for the reason that Mr. Fenton never did deviate from the most direct course to the home of the parties he was instructed to interview.

The limitation of the rule, which is frequently cited in compensation cases, that the going and coming doctrine does not apply to an employee who is actually performing a special mission at the request of his employer, until he deviates from his usual course to or from his place of work, should be carefully applied to the particular facts of a case. The strict application of that deviation rule without regard to the circumstances may result in defeating justice. We assume the deviation principle was adopted as a rule of evidence to aid the court in determining whether an employee is actually engaged in performing a special mission entrusted to him, or whether he is merely on his way to or from work or his home. If the evidence is clear that an employee is actually engaged in performing a special mission when he is injured, it would be illogical to hold that he is not acting "in the course of his employment" when he is compelled to start on his journey along a course usually followed to or from his work, merely because he has not yet reached the point where he could turn off toward his assigned destination when the accident occurs. If the errand is to be performed at a destination which happens to be on the regular route of the employee to or from his work, we assume he would still be entitled to compensation and he would actually be engaged in the course of his employment, notwithstanding the fact that he did not and could not diverge from his usual route in fulfilling his mission. In any event the rule has no application to the present case.

For the reason that Mr. Fenton was actually engaged in fulfilling a special mission assigned to him by his employer, which began when he left his home, and which was to be completed before he returned to the office, the going and coming rule has no application, and the petitioner is entitled to recover compensation for his death which occurred in the course of his employment.

The order of the Industrial Accident Commission denying compensation is reversed, and the Commission is directed

to make an award in accordance with the evidence adduced at the hearing.

Pullen, P. J., and Tuttle, J., concurred.