[L. A. No. 27656.   In Bank.   May 5, 1964.]

DAVID D. SCHREIFER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, COUNTY OF LOS ANGELES et al., Respondents.

Jaffee, Mallery, Thompson & Talbott and George D. Thompson for Petitioner.

Everett A. Corten, Edward A. Sarkisian, T. Groezinger and Loton Wells for Respondents.

PETERS, J.—Applicant David Schreifer sought compensation from his employer, the County of Los Angeles, and its insurer, State Compensation Insurance Fund, for injuries suffered by him as a result of an automobile accident. The referee of the commission found that the accident arose out of the course and scope of the employment. The commission, however, with one of its members dissenting, held that the injuries were not compensable. The problem involved relates to the proper scope of the "special mission" exception to the so-called "going and coming" rule. It is our opinion, that the injuries here suffered occurred in the course of and arose out of petitioner's employment, and that the "going and coming" rule is not applicable.

The facts are as follows. On December 13, 1961, Schreifer was employed as a deputy sheriff, attached, at that time, to a special enforcement detail, the purpose of which was to deal with major disasters in the county. Although as a deputy sheriff Schreifer was on 24-hour call, he normally worked 8 hours per day and, ordinarily, the administrative sergeant posted the work shifts on a bulletin board one day ahead. For the date of the accident, Schreifer's scheduled duty had been posted the day before as being from 7 p.m. to 3 a.m. At 1 p.m. of that day, however, his superior, the administrative sergeant, called him at his home (25 miles from the station), and instructed him to report for duty "as soon as possible," giving no reason for the early call. Schreifer, thereupon, left for the station, in his own car. He was not in uniform. While en route he was involved in an automobile accident in which he sustained the injuries here involved. He testified that this was not the first time he had received a call to come in early, although no such calls had occurred during the preceding month. There is no evidence to indicate what duties would have been assigned to him that day, or of the cause for the early call. He had, on occasion, depending on the nature of the assignment, received compensation for us-

ing his own car. He had not requested compensation for the use of his car on the date of the accident here involved. He did not know what his duties were to have been that day, nor did he know whether he would have worked extra hours. Generally he got compensatory time off for overtime work.

The injuries occurred while Schreifer was driving to work. Ordinarily, of course, they would not be compensable under the "going and coming" rule. But this rule, it has long been recognized, is "subject to many exceptions." (*Makins* v. *Industrial Acc. Com.*, 198 Cal. 698, 703 [247 P. 202, 49 A.L.R. 411] ; *State C. I. Fund* v. *Industrial Acc. Com.*, 89 Cal.App. 197, 199 [264 P. 514].) Indeed, one writer in the field of workmen's compensation has suggested that the exceptions have swallowed the rule. (See Horovitz, Note, 14 NACCA L.J. 36.) The numerous exceptions are no doubt due to the fact that this judge-made rule is somewhat arbitrary and artificial. (See 1 Larson, Workmen's Compensation Law 195.)

One well recognized exception to the rule is the "special mission" or "special errand" exception.[1] (*Robinson* v. *George*, 16 Cal.2d 238 [105 P.2d 914] ; *Vivion* v. *National Cash Register Co.*, 200 Cal.App.2d 597 [19 Cal.Rptr. 602].) The problem here involved is whether the facts bring the case within the general rule, or cause it to fall within the exception. In determining this question the mandate of Labor Code section 3202, which requires that the provisions of the act "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment" must be kept in mind. Also "this state's liberal policy of construction in favor of the employee" must not be forgotten. (*Leonard Van Stelle, Inc.* v. *Industrial Acc. Com.*, 59 Cal.2d 836, 841 [31 Cal.Rptr. 467, 382 P.2d 587].)

In his discussion of the "special mission" exception, Campbell states that simply returning to do "overtime" is not within the exception, but that returning to do "a service outside his regular duty" is, stating, "The special request for the unusual service is the decisive factor. ..." (1 Campbell, Workmen's Compensation 173, 174.) Larson points out that it would be within the exception for the employee to return to perform usual service but at an odd hour. In that

[1]In a comment entitled, *The Special Errand Exception,* 6 Stan.L.Rev. 383, 389, it is stated that a study of the cases "indicates that the express rationale of the going and coming rule has in large part been abandoned in the special errand cases."

event, the trip is "special" in that "the bother and effort of the trip itself is an important part of what the employee is eventually compensated for." (1 Larson, *op. cit. supra,* p. 224.) Hanna states that the exception includes the regular trip at a special time. (2 Hanna, The Law of Employee Injuries and Workmen's Compensation 178.) *Boynton* v. *McKales,* 139 Cal.App.2d 777, 789 [294 P.2d 733], put it in terms of "coming from his home ... on a special errand either as part of his regular duties or at a specific order or request of his employer, ..."

A reference to a few other cases will indicate the scope of the exception. In *Robinson* v. *George, supra,* 16 Cal.2d 238, the court reversed a nonsuit for the defendant employer, holding that defendant's employee was acting under the special errand exception at the time he injured the plaintiff. The employee was one of defendant's newspaper carriers. He serviced a regular route, which work he completed before 6 p.m. Thereafter, he was on call, and he would deliver papers to addresses, given to him by the district manager, of subscribers who had complained that they had not had delivery that day. It was held that each such special delivery was a special errand, and that defendant was liable under the doctrine of *respondeat superior* for the injuries inflicted by its employee while he was driving home after making such a delivery.

In *State C. I. Fund* v. *Industrial Acc. Com., supra,* 89 Cal.App. 197, injuries sustained while the employee was en route home were held compensable. There the applicant, a salesman, was instructed to return to the office after dinner to admit an electrician who was to make some repairs that evening. He waited for the electrician to complete the job and then locked up after him. On his way home, he was injured. The court noted that the services were performed after his regular hours and were services outside his regular duties as a salesman.

In *London Guar. & Acc. Co.* v. *Industrial Acc. Com.,* 190 Cal. 587 [213 P. 977], the employee's job called for the making of exacting calculations. With his employer's knowledge and permission, he took some work home because it was quieter there than at the place of business. He paused for some lunch after he had completed the calculations, and was injured as he was leaving home to return to the office. The majority opinion denied compensation because the employee had, under the facts, deviated from his business purpose, but

all agreed that there would have been coverage, under the "special errand" exception, had he not deviated.

*Sun Indem. Co.* v. *Industrial Acc. Com.*, 76 Cal.App. 165 [243 P. 892], held the trip primarily a special business errand when the employee, manager of a meat department, who, among other things, purchased the meat for his department, was driving home for the day, intending to stop at a meat wholesaler to notify him to open early the next morning so that the employee could pick up an order before business hours.

In *Fenton* v. *Industrial Acc. Com.*, 44 Cal.App.2d 379 [112 P.2d 763], the court reversed a denial of compensation. In that case, the decedent was an office employee of the California State Relief Administration. His duties included outside investigations as a "case worker." He was instructed to make some calls over the weekend. Before going to the office, early Monday morning, while driving on the regular route he usually took to the office, he was killed while on his way to making a call.

*Dauphine* v. *Industrial Acc. Com.*, 57 Cal.App.2d 949 [135 P.2d 644], held the following facts to fall within the exception. Applicant was the chief assistant to the county forester and fire warden. He normally worked in an office, but he also made inspections of camps, warehouses and parks. On the morning he was injured, he had left home, disposed of a personal errand, then had gone to Ladera Park to make an inspection, and then, en route to his office, was involved in an accident.

In *Shell Oil Co.* v. *Industrial Acc. Com.*, 199 Cal.App.2d 426 [18 Cal.Rptr. 540], the following facts were held to fall within the exception. At his employer's invitation, a service station manager attended a noncompulsory dinner meeting, held for the benefit of the employer, in a neighboring city. His automobile broke down there, and two days later he returned in his tow truck to pick it up. En route home, he was killed.

In *Vivion* v. *National Cash Register Co., supra*, 200 Cal. App.2d 597, a suit against an employer for injuries inflicted by its employee, it was held that the following situation presented a question for the jury. The employee was an office machine installation girl, part of whose duties was to practice in preparation for demonstrations which she had to make. Her job did not call for overtime or overtime pay. One evening, without being requested to do so or informing anyone

of her intentions, she returned to the office to better prepare herself for a demonstration she was to give the following day. En route home, she injured the plaintiff.

In a case somewhat analogous to the instant one, *Los Angeles Jewish etc. Council* v. *Industrial Acc. Com.*, 94 Cal.App. 2d 65 [209 P.2d 991], compensation was awarded for the death of an employee who was killed while en route to work under the following circumstances. Rabbi Cohn normally performed his duties as librarian, which included inspecting and discussing recent acquisitions, during the afternoon hours. During the week of the accident, he was also called upon to come to work in the evenings, to participate in certain opening ceremonies and to then make speeches. On the evening in question, he was asked to come early, that is, earlier than he would have come for that evening's speaking duty, to inspect and discuss certain purchases. He was killed en route. It was held that this especially early evening trip, to perform services which were part of his daytime duties but extraordinary for evening work, fell within the "special mission" exception.[2]

■ Based on these cases, and the rules there announced, it must be held that Schreifer was on a special mission at the time of the accident, and his injuries are, therefore, compensable. This is so even though his hours of work were irregular as compared with most jobs. He nevertheless had scheduled hours of duty, set a day ahead. Here his schedule for the day in question had been posted. In reporting to work hours ahead of his regularly scheduled shift he was doing more than merely making his services available at the place where they were needed. Making the trip at that time was a special service. The telephonic order from his superior to report early was not the usual manner of scheduling duty hours. There must have been some special need for Schreifer's ser-

---

[2]At the oral argument, the case of *Ross* v. *Marberry & Co.*, 66 N.M. 404 [349 P.2d 123], was cited in support of the position that for the "special mission" exception to apply, the particular duties being performed must be unusual. There an employee was injured en route to perform his ordinary duties, but coming 25 minutes early in response to a request of his employer. In New Mexico the "going and coming" rule is statutory. The court held the injury came within the "going and coming" rule. In so holding the court purported to distinguis'- the *Los Angeles Jewish etc. Council* case, *supra*, on the ground that there Rabbi Cohn was going to perform unusual services. The claimed gr¬und of distinction is unsound. In the *Los Angeles Jewish etc. Council* case it clearly appears that Rabbi Cohn was, at the request of his employer, returning to work early in the evening to do work which fell within his regular daytime duties, but was extraordinary for his evening duties.

vices at that time. The fact that a particular mission is encompassed within the terms of hire, even contemplated at the time employment began, is not determinative. Nearly every employment relationship contemplates that extraordinary needs may arise and must be met. ■ "Special" means extraordinary in relation to routine duties, not outside the scope of the employment. The commission erred in denying compensation.

The order of the commission is annulled.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Tobriner, J., and Peek, J., concurred.