[Civ. No. 9097.   Fourth Dist., Div. Two.   Sept. 30, 1968.]

JAMES EDWARD McGINTY, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, BECKMAN INSTRUMENTS, INC. et al., Respondents.

Eckhardt & Kearney, Matthew M. Kearney and Olen G. Miller for Petitioner.

Everett A. Corten, Nathan Mudge, Weingand, Kendig & Stockwell and David B. Allen for Respondents.

McCABE, P. J.—The facts are not complicated. Petitioner was employed as an inside salesman by Beckman Instruments, Inc. His usual working hours were from 8 a.m. to 5 p.m. Petitioner was required by the terms of his employment to attend an evening sales meeting once each month.

On April 22, 1965, the monthly evening sales meeting started at approximately 4:30 p.m. in the Fullerton plant of Beckman Instruments, Inc., petitioneer's employer, and continued until 7:30 or 8 p.m. At that time the meeting adjourned to the Lamplighter Restaurant. Petitioner drove to said restaurant with sales manager Thomas A. Guerin leaving his personal car in the company parking lot. A drink and meal were served which were paid for by the employer and during which business was discussed. About 10 p.m., the sales manager several times asked petitioner if he wanted a ride with him, but petitioner refused and Mr. Guerin left. No food or drink was paid for by the employer after Mr. Guerin's departure. Mr. Yearsley, an outside salesman in attendance at the meeting, testified he left about 11:10 p.m. and at approximately 11 p.m. some of the group moved to the piano bar and commenced singing. Mr. Starrett, another outside salesman, deposed that he left the restaurant at approximately 1:30 to 1:45 a.m., and he believed petitioner was still there.

At 3:42 a.m., April 23, 1965, the California Highway Patrol received notice of an accident on the Newport Freeway near the Edinger off-ramp. The accident involved one vehicle only, driven by and registered to petitioner. The accident occurred approximately five miles from petitioner's home and in the course of his normal route home from the place of his employment. Petitioner suffered severe and permanent brain damage and was unable to testify. The injury was a consequence of petitioner's automobile striking a bridge abutment and then proceeding off the freeway.

There is no evidence as to the manner in which petitioner traveled from the restaurant to this employer's parking lot where his car was parked.

The referee concluded, in which the board concurred, upon a petition for reconsideration that petitioner's trip home fell

within the "going and coming" rule and the injury was therefore noncompensable. The referee stated: ". . . certainly every employee who works overtime is not covered by workmen's compensation in his return trip to his home. There is the further factor that the 'sales meeting' was for all practical purposes over when dinner was finished and the sales manager left at approximately 10:00 p.m. . . . In any event he was in his own car on the normal route home when he had a solo accident. . . .

"The trip herein had no connection with the applicant's work other than the mere necessity of . . . going to and from his work. It therefore was not in the course and scope of his employment."

Petitioner properly urges the application of the "special errand" exception to the "going and coming" rule. The scope of this exception is defined in *Schreifer* v. *Industrial Acc. Com.*, 61 Cal.2d 289 [38 Cal.Rptr. 352, 391 P.2d 832], which cites and analyzes among other cases, *Robinson* v. *George*, 16 Cal.2d 238 [105 P.2d 914]; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 89 Cal.App. 197 [264 P. 514]; *London Guar. & Acc. Co.* v. *Industrial Acc. Com.*, 190 Cal. 587 [213 P. 977]; *Sun Indem. Co.* v. *Industrial Acc. Com.*, 76 Cal.App. 165 [243 P. 892]; *Fenton* v. *Industrial Acc. Com.*, 44 Cal.App.2d 379 [112 P.2d 763]; *Dauphine* v. *Industrial Acc. Com.*, 57 Cal.App.2d 949 [135 P.2d 644]; *Shell Oil Co.* v. *Industrial Acc. Com.*, 199 Cal.App.2d 426 [18 Cal.Rptr. 540]; *Vivion* v. *National Cash Register Co.*, 200 Cal.App.2d 597 [19 Cal.Rptr. 602]; and *Los Angeles Jewish etc. Council* v. *Industrial Acc. Com.*, 94 Cal.App.2d 65 [209 P.2d 991]. In *Schreifer*, "'Special' means extraordinary in relation to routine duties, not outside the scope of the employment."

In the *Shell* case, the employee, by invitation, attended a noncompulsory dinner in a neighboring city. The employee's car broke down near the place where the dinner was to be held. Two days later he returned with a tow truck to get his car. Enroute home, he was killed. This conduct was held to be within the exception.

We need not summarize the holdings in all the cases cited to us for this was done in the *Schreifer* opinion. We hold the opinion in *Schreifer* is controlling.

Petitioner under the terms of his employment was compelled to attend the monthly dinner. The employer did not provide transportation to and from the place where the dinners were held. Business discussions were started at the

employer's place of business during routine working hours and continued at the restaurant. The intent of the employer is reflected by the manner of conduct before arrival at the restaurant, during and after the dinner. Food and drinks were supplied at employer's expense until the sales manager departed at 10 p.m. No great weight can be given to the fact that petitioner rode to the restaurant with the sales manager or that the sales manager offered a ride to petitioner when the sales manager was departing. There was no compulsion upon the petitioner to accept either of the offers. It is evident he was under no compulsion for he accepted one but did not accept the other. Also, it is clear the meeting took place during and after petitioner's routine business hours of employment, and it foreordains a conclusion the employer knew and intended the petitioner was to attend the dinner and knew he would go home from the meeting. Petitioner's going to his car and then proceeding to his home did not deviate from the contemplation of the employer, nor was it outside the intention of the employer. We cannot and do not conclude that by a progressive type meeting the "special errand" ended when the sales manager departed.

The board erred in denying compensation.

The order of the board is annulled.

Kerrigan, J., and Tamura, J., concurred.

A petition for a rehearing was denied October 16, 1968, and the petition of respondent Liberty Mutual Insurance Co. for a hearing by the Supreme Court was denied November 27, 1968.